IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONALD CUNNINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:02-MC-03127-ID |
| | ) | (WO) |
| REX GLENN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM OPINION AND ORDER**

This cause is currently before the Court on the Plaintiff's Motion to Renew Judgment. (Doc. #22). After reviewing the Plaintiff's motion, and for the reasons set forth in this order, the Plaintiff's motion is due to be DENIED.

**I. Background**

A judgment was initially entered in favor of Plaintiff Ronald Cunningham and against Defendants Donald J. Williams, Clarence W. Hellums, and Rex Glenn on or about July 17, 2000 in the amount of $43,212.08. On September 5, 2002, the Plaintiff attempted to satisfy the judgment against Donald J. Williams by applying to the Court for a writ of garnishment against DJW, Inc., an entity that the Plaintiff believed owed or would owe money to Donald J. Williams. (Doc. #2). The Court issued a writ of garnishment, (Doc. #3), and DJW, Inc. failed to file an answer to the writ. (Doc. #6). The Court then entered a judgment against garnishee DJW, Inc. (Doc. #9).

The Plaintiff then attempted to satisfy the judgment against Rex Glenn on August 24, 2009, by applying to the Court for a writ of garnishment against First Community Bank of Central Alabama, an entity that the Plaintiff believed owed or would owe money to Rex Glenn. (Doc. #11). The Court issued the requested writ of garnishment. (Doc. #12). In its answer to the writ of garnishment, First Community Bank of Central Alabama stated that it maintained a checking account for Rex Glenn and that the balance of the account was $53.82. (Doc. #14). The Court ordered that all funds owned by Rex Glenn and held by, or later delivered to, garnishee First Community Bank of Central Alabama be paid over to the attorneys for the Plaintiff. (Doc. #19).

The judgment against Clarence W. Hellums has been fully satisfied. (Doc. #21).

The Plaintiff filed his motion to renew the judgment against Donald J. Williams and Rex Glenn on September 7, 2010. Out of an abundance of caution, after reviewing the Plaintiff's Motion to Renew the Judgment and the accompanying affidavit, the Court ordered the Defendants to show cause why the Plaintiff's motion to renew the judgment should not be granted. (Doc. #23). The Defendants have not responded to that order.

## II. Discussion

### A. The Presumption of Satisfaction

The first issue the Court must address is whether the judgment at issue in this case is presumed to be satisfied. Under Alabama law, "if 10 years have elapsed from the entry of the judgment without issue of execution or if 10 years have elapsed since the date of the last

execution issued, the judgment must be presumed satisfied, and the burden of proving it not satisfied is upon the plaintiff." Ala. Code § 6-9-191 (1975); *see Davis Int'l., Inc. ex rel. Patel v. Berryman*, 730 So. 2d 242, 245 (Ala. Civ. App. 1999). The presumption of satisfaction will apply after 10 years from entry of the judgment even if the judgment creditor obtained a writ of garnishment during the first 10 years of the life of the judgment. *See AmSouth Bank, N.A. v. Bischoff*, 678 So. 2d 1102, 1102-03 (Ala. Civ. App. 1995) (holding that Bischoff's garnishment proceedings within the first 10 years did not revive a judgment but that AmSouth's motion to renew the judgment within the first 10 years did revive the judgment).

In this case, the Plaintiff obtained a judgment against the Defendants on July 17, 2000. According to the record, the Plaintiff has made no attempt to execute the judgment from the time it was entered. Instead, the Plaintiff attempted to satisfy the judgment through garnishment proceedings. The Plaintiff obtained writs of garnishment on September 9, 2002 and September 1, 2009. The Plaintiff then filed this motion to renew judgment on September 7, 2010. But, just as Bischoff's garnishment proceedings in *AmSouth* were insufficient to revive his judgment, the Plaintiff's efforts to collect on the judgment through garnishment do not qualify as an execution on the judgment and are insufficient to prevent the presumption of satisfaction from attaching. Because the Plaintiff waited more than 10 years from the date the judgment was entered to file the motion to renew, and because the writs of garnishment alone are insufficient to revive a judgment, the Court must presume that the

3

judgment has been satisfied.

### B. Has the Plaintiff Overcome the Presumption of Satisfaction?

The Court must now decide whether the Plaintiff has overcome the presumption of satisfaction. The Alabama Supreme Court has stated:

> It is said that so strong is this presumption of satisfaction which the law raises by lapse of time . . . , it will prevail until overcome by clear and decisive proof to the contrary or by the establishment of facts and circumstances from which nonpayment may be clearly inferred . . . . The evidence to rebut must be strong and convincing to the effect of producing a reasonable conviction that the judgment had not been paid or satisfied.

*Gambill v. Cassimus*, 22 So.2d 909, 910 (Ala. 1945) (citations omitted). Thus, in order for the Court to renew a judgment more than 10 years after it has been entered, the Court must find strong and convincing evidence that the judgment has not been satisfied. *See id.* The Alabama Court of Civil Appeals has held that the testimony of individuals—including attorneys—who are familiar with the books and records of the creditor but whose testimony rests on hearsay and does not account for the many ways in which a judgment may be satisfied, is not sufficient to overcome the presumption of satisfaction. *See Gambill*, 22 So. 2d at 910; *see also In re Lefever's Estate*, 278 Pa. 196 (Pa. 1923) (cited with approval in *Gambill*, and holding that the testimony of a cashier who was familiar with the creditor's books and records that the judgment had not been paid was insufficient to overcome the presumption of payment). In contrast, the Alabama Court of Civil Appeals has held that testimony of a corporate officer who had been an officer since incorporation and who actually kept and maintained the books and records was sufficient to rebut the presumption

of satisfaction. *See Slay v. McKean Paint and Hardware Store, Inc.*, 317 So. 2d 326 (Ala. Civ. App. 1975) (finding sufficient evidence to rebut the presumption where the president of the corporation testified that (1) he had been an officer of the corporation since incorporation; (2) he had been president for the previous ten years; (3) he was familiar with the books and records of the corporation (in fact, he kept the books); and (4) that the judgment had not been paid in full).

The only evidence of satisfaction in this case is an affidavit filed by the Plaintiff's attorney. The attorney's affidavit states (1) that he is the attorney in fact for Plaintiff Ronald Cunningham; (2) that he is affiliated with the Plaintiff; (3) that he is familiar with the books and records of the Plaintiff; (4) that he has actual and personal knowledge of the correctness of the Plaintiff's account; (5) that he supervises the keeping and maintenance of the Plaintiff's books and records; and (6) that the "judgment remains unpaid and unsatisfied." (Doc. #22-1).

The position of the Plaintiff's attorney is similar to the attorney in *Gambill* and the cashier in *Lefever* who, although familiar with the creditor's books and records, did not actually keep the books and, according to the reviewing courts, had based their testimonies on hearsay. Additionally, unlike the evidence in *Slay*, nothing in the affidavit of the Plaintiff's attorney indicates how long the attorney has been acquainted with the Plaintiff's books and records. Moreover, instead of being the corporate officer who actually kept the books and records as in *Slay*, the Plaintiff's attorney claims to have only supervised their

keeping and maintenance. The Court concludes that the information in the affidavit of the Plaintiff's attorney is not enough to overcome the presumption of satisfaction. Nevertheless, if the Plaintiff can produce additional evidence that more convincingly rebuts the presumption of satisfaction, then the Court may entertain an additional motion to renew the judgment.

### III. Conclusion

For the reasons stated, it is ORDERED that Plaintiff's Motion to Renew Judgment (Doc. #22) be and the same is hereby DENIED.

Done this the 24th day of February, 2011.

/s/   Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE